**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| Brent Harding, | ) |
| Plaintiff, | ) |
| v. | )   Civil Action No. |
|  | )   21-11630-NMG |
| Gross Mortgage Corporation, | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

This case arises from a foreclosure dispute between plaintiff Brent Harding ("Harding" or "plaintiff") and Gross Mortgage Corporation ("Gross Mortgage" or "defendant"). Plaintiff filed suit, pro se, against Gross Mortgage in October, 2021, to block the foreclosure sale of her property.  In response, Gross Mortgage filed a counterclaim for the deficiency balance.

The Court allowed defendant's motion for judgment on the pleadings in March, 2022 and entered an order of default judgment in June, 2022.  Plaintiff filed a motion for reconsideration of the default judgment in July, 2022.  For the reasons that follow, that motion will be denied.

- 1 -

I.  **Background**

 A. **Factual History**

In August, 2007, plaintiff received a $390,000 loan for a commercial property at 748A Adams Street, Boston, MA 02122.  The promissory note that Harding signed the same date the mortgage was recorded bears a loan term of one and a half years.

According to Harding's motion for reconsideration, her business went bankrupt in 2008 and she was unable to make the scheduled payments on the loan.  She made some payments during 2009 and 2010.  When the loan reached maturity in late 2010, plaintiff assumed that Gross Mortgage exercised its right to foreclose on the property and that she no longer owned it.

The motion also explains that in 2014, Jack Conway Real Estate ("Jack Conway") approached plaintiff to discuss renting the property.  Although she believed she no longer owned it, the Jack Conway representative told her the deed was still in her name.  He signed a rental agreement with Gross Mortgage and Harding agreed to assign all rental payments to Gross Mortgage. In December, 2017, defendant asked Harding to sign a Deed in Lieu of Foreclosure but she refused.  An attorney for Jack Conway contacted Harding in June, 2021, to discuss purchasing the property.

In September, 2021, Gross Mortgage sent Harding notice of
their intention to foreclose and a notice of deficiency after
foreclosure, stating the public sale would take place on October
26, 2021.  Gross Mortgage sold the property for $370,000.  After
applying the sale proceeds to the mortgage balance, Gross
Mortgage alleges the deficiency on the note is $579,114.

**B. Procedural History**

On the date of the sale, Harding filed a nine-count
complaint in this Court, alleging violation of her
constitutional rights, conversion, breach of contract and
duress, among other claims.  She simultaneously filed a motion
for a temporary restraining order to prevent defendant from
foreclosing on the property, which this Court denied.  A month
later, defendant answered the complaint and filed a counterclaim
for the deficiency due.

During a January, 2022, scheduling conference, this Court
urged plaintiff to retain counsel and postponed deadlines for
plaintiff to answer defendant's motion for judgment on the
pleadings.  Plaintiff failed to answer defendant's motion.  This
Court allowed the motion and entered judgment for the defendant
in March, 2022.  In May, 2022, Gross Mortgage filed a motion for
default judgment for the deficiency, plaintiff failed to respond

to the motion and this Court entered default judgment in favor
of Gross Mortgage in June, 2022.

In July, 2022, plaintiff filed a motion for relief from the
default judgment order.  She alleges that her failure to respond
was due to "mistake, inadvertence, surprise, and excusable
neglect," citing Fed. R. Civ. P. 60(b)(1).  Plaintiff offers
three substantive defenses to the counterclaim in her pleading:
(1) Gross Mortgage failed to notify Harding of the deficiency
possibility prior to initiating foreclosure, as required by
M.G.L. c. 244 § 17B; (2) the foreclosure was unenforceable under
the "obsolete mortgage" statute, M.G.L. c. 260 § 33; and (3)
discrepancies in the deficiency balance accounting.[1]

## II.   **Motion for Reconsideration of Default Judgment**

### A. Legal Standard

The Federal Rules of Civil Procedure provide that a court
may relieve a party from a final judgment for "mistake,
inadvertence, surprise, or excusable neglect;" or for "any other
reason justifying relief from the operation of the judgment."
Fed. R. Civ. P. 60(b)(1), (6).

Whether to allow a Rule 60(b) motion is a matter for the
sound discretion of the Court. de la Torre v. Continental Ins.

---

[1] Harding withdrew the first defense in her reply brief.

- 4 -

Co., 15 F.3d 12, 14 (1st Cir. 1994).  Given, however, that Rule
60(b) is a "vehicle for extraordinary relief," motions invoking
the rule should be allowed "only under extraordinary
circumstances." Davila Alvarez v. Escuela de Medicina
Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001).

The First Circuit Court of Appeals has established a
standard for determining whether relief from a default judgment
is proper. Maine Nat. Bank v. F/V Explorer, 833 F.2d 375, 378
(1st Cir. 1987).  The moving party seeking to have a default
judgment set aside "bears the burden of showing good reason for
the default and the existence of a meritorious defense."
American Metals Service Export Co. v. Ahrens Aircraft, Inc., 666
F.2d 718, 720 (1st Cir. 1981).

**B. Application**

Harding argues that this Court should vacate the default
judgment against her due to "mistake, inadvertence, and
excusable neglect."  To warrant relief, however, under Rule
60(b), Harding must offer "a convincing explanation as to why
the neglect was excusable." Cintron-Lorenzo v. Departamento de
Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002).
Harding's explanation does not satisfy that standard.

Harding urges this court to vacate the default judgment
because:

- 5 -

(1)  Harding was of the mistaken belief that her
     negotiations with opposing counsel were an adequate
     response to defendant's counterclaim;

(2)  She was of the mistaken belief that the order allowing
     judgment on the pleadings for defendants disposed of
     all claims, including the counterclaim against her;

(3)  When she realized the counterclaim remained viable,
     she was subsequently diagnosed with COVID-19;

(4)  An unreasonable amount of time has not passed since
     the default judgment;

(5)  Gross Mortgage would not be prejudiced; and

(6)  Harding has meritorious defenses.

None of Harding's proffered justifications, however,
excuses her failure to litigate the lawsuit she initiated.  At
the outset, Harding has appeared pro se and while the Court may,
in certain situations, be more lenient to pro se litigants, see
Hughes v. Rowe, 449 U.S. 5, 9 (1980) (complaints drafted by non-
lawyers are to be construed liberally), Harding's failure to
meet the Court's deadlines cannot be excused in this case. See,
e.g., Gnossos Music v. Christmas Mountain Resort, Inc., 1994 WL
264129, at *1 (D.N.H. May 16, 1994) (denying pro se defendants'
motion to vacate judgment where defendants had received notice
of the complaint and motion for default judgment yet failed to
respond).

In the case at bar, Harding herself filed a complaint and a
motion for a temporary restraining order, and then failed to

respond to any of defendant's pleadings.  Defendant served its counterclaim via first class mail to Harding in November, 2021. When plaintiff failed to answer, the Court mailed an entry of default to Harding via certified mail in January, 2022.  During the January, 2022 scheduling conference, this Court urged Harding to retain counsel and sent her information about lawyer referral services.  Defendant also served its motion for judgment on the pleadings via email and first class mail, in January, 2022, and mailed her a copy of its motion for default judgment via first class mail in May, 2022.  Plaintiff never filed a responsive pleading.

Harding explains that she was under the mistaken belief that her settlement negotiations were responsive to defendant's counterclaim and that the judgment on the pleadings in favor of defendant disposed of the counterclaim.

Harding's failure to defend against the counterclaim cannot be excused.  She is not entitled to have judgment against her vacated simply because she erroneously believes that she responded to the counterclaim when she didn't.  Nor is she excused from failing to file a responsive pleading because she believed settlement negotiations were an adequate substitute. See de la Torre, 15 F.3d at 15 ("The fact that settlement negotiations are in progress does not excuse a litigant from

making required court filings.  It is common sense, as well as common courtesy, to alert the judge to the ongoing negotiations and request that he or she postpone imminent deadlines before they have expired.  A litigant who, like appellant, fails to take that simple step courts disaster.").

Furthermore, Harding's allegation that she mistakenly believed the judgment on the pleadings disposed of defendant's counterclaim does not entitle her to have a judgment vacated, even as a pro se litigant. See Capizzi v. States Res. Corp., 2005 WL 113679, at *4-5 (D. Mass. Jan. 20, 2005) (pro se defendants' erroneous belief that bankruptcy proceedings would stay their claims in district court did not warrant a finding of excusable neglect).

Thus, because Harding has not met the strict standard for mistake, inadvertence, excusable neglect or any other ground for relief from the default judgment against her, the Court will deny her motion to vacate default judgment.  Because this Court finds no excusable neglect, it is neither necessary nor warranted to reach the merits of Harding's alleged defenses. See Maine Nat. Bank, 833 F.2d at 378.

**ORDER**

For the forgoing reasons, plaintiff's motion for reconsideration of default judgment (Docket No. 34) is **DENIED.**

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated October 12, 2022

- 9 -